FILED

09/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0756

DA 14-0756

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 235N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KURTIS LEE KILLSONTOP,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-14-43
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul D. Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C.,
Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: August 24, 2016

Decided: September 20, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Kurtis Killsontop appeals from his March 2014 conviction and sentence on two counts of assault with a weapon. Killsontop contends that the District Court erred in admitting testimony of one victim's prior consistent statement. We affirm.[1]

¶3    In December 2013 police officers in Missoula responded to a report of a stabbing at a residence. The officers found several highly intoxicated persons, including Killsontop and Regina Matt, who had been stabbed. Matt, Killsontop and others who had been at the residence gave varying accounts of what happened and whether Killsontop stabbed the victims.

¶4    At trial Matt testified that Killsontop stabbed her and she acknowledged that as officers escorted her out of the residence she repeatedly yelled that Killsontop had stabbed her. She testified that she did not actually see Killsontop stab her, but that someone at the hospital told her that it happened. Matt admitted that she later told officers that some "Native dudes" stabbed her, but that another person who had been at

---

[1] The issues on appeal relate only to the assault on victim Matt. Killsontop does not attack his conviction for assaulting victim Swanson.

2

the residence coached her to say that. Killsontop gave varying accounts about what happened and ultimately claimed that both stabbings were accidents.

¶5 Detective Lang interviewed victim Matt shortly after the incident and again just prior to the trial. Lang testified, over defense objection, that Matt told him in the second interview that Killsontop stabbed her. Lang also testified that Matt told him that any different account she gave resulted from being coached by another person who had been present at the residence.

¶6 On appeal Killsontop contends, and the State agrees, that Detective Lang's account of what Matt told him was not admissible under M. R. Evid. 801(d)(1)(B) as a prior consistent statement because the defense did not impeach Matt with allegations of subsequent fabrication, improper influence or motive. In addition, both sides agree that this was trial error, not structural error. The State, however, argues that the error was harmless and does not support reversal of the conviction.

¶7 A conviction may not be reversed unless the record shows that the error was prejudicial to the defendant. Section 46-20-701(1), MCA. A trial error may be non-prejudicial if there was other evidence admitted to prove the same facts as the tainted evidence, and if the quality of the tainted evidence was such that there was no reasonable possibility that it contributed to the conviction. *State v. Van Kirk*, 2001 MT 184, ¶ 44, 306 Mont. 215, 32 P.3d 735. Here there was evidence, other than Lang's testimony about what Matt said to him, to prove that Killsontop stabbed Matt. Matt testified on direct that there was "no doubt" that Killsontop stabbed her. Witness Gillis testified that Killsontop stabbed Matt in the back and that Matt ran out of the residence screaming that she had

3

been stabbed.  When police arrived Matt lunged at Killsontop and screamed that he had stabbed her.  And Killsontop testified that he stabbed both victims, but by mistake.  Detective Lang's testimony that Matt said the same thing to him was not significant qualitatively.  There was not a reasonable possibility that it contributed to the conviction.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

4